UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A. C. MURPHY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1183-JTM-JEM |

OPINION AND ORDER

Robert A. C. Murphy, a prisoner without a lawyer, filed a habeas petition challenging the calculation of his sentence by the Indiana Department of Correction. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Murphy asserts that he is entitled to habeas relief because prison officials did not allow him to opt out of case time credit plan (CTCP), which he contends violates the Ex Post Facto Clause and the Indiana Constitution. He also alleges prison officials have not awarded him credit for completing the Recovery While Incarcerated (RWI) program and a suicide prevention program, which he contends violates his rights under the Fourteenth Amendment and the Indiana Constitution. He further alleges that prison officials have not awarded him credit under the CTCP program, which he contends violates his rights under the Ex Post Facto Clause and the Indiana Constitution.

To start, Murphy may only obtain habeas relief if he can demonstrate that he is in custody in violation of constitutional or federal law. Consequently, his claims under the

Indiana Constitution do not entitle him to habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

The court next considers whether Murphy is entitled to habeas relief under the Ex Post Facto Clause.

> The ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation.
>
> In accord with these purposes, our decisions prescribe that two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.

*Weaver v. Graham*, 450 U.S. 24, 28–29 (1981). The alleged facts do not describe a violation of the Ex Post Facto Clause. Murphy does not imply that he was punished for any act other than the crime of his conviction, and there is no indication that he has been punished in excess of the sentencing statute in effect at the time he committed that crime. Nor does it appear that Murphy is directly challenging any law or statute. *See Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) ("As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature[.]"). Instead, it appears that he is challenging the prison officials' application of the educational credits under various correctional programs. Consequently, it is unclear from the petition how Murphy's rights under the Ex Post Facto Clause have been violated.

Murphy's reference to the Fourteenth Amendment may also be an assertion that prison officials have violated his right to procedural due process. The Fourteenth

Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.*

The court is unaware of any constitutional right to opt out of the CPCT program or to educational credit, and Murphy cites no State law that creates any such expectation. It is also unclear how Murphy has suffered any harm with respect to the length of his sentence by remaining in the CPCT program. Further, though Murphy asserts he is entitled to educational credit for completing the RWI program and a suicide prevention program, it is unclear how this amounts to a liberty interest under constitutional or State law. Murphy next asserts that he is entitled to educational credit under the CPCT program, but it is similarly unclear how this amounts to a liberty interest under constitutional or State law. Additionally, there is no indication that he satisfied the requirements of the CPCT program or what those requirements were. Consequently, the petition does not state a valid procedural due process claim.

Because the petition states no valid habeas claims, the court is inclined to dismiss the petition. Nevertheless, out of an abundance of caution, the court will first grant Murphy an opportunity to amend the petition to address the concerns set forth in this order. However, Murphy should only file an amended petition if he believes he can sufficiently address the deficiencies in this order. If he chooses to file an amended petition, he must put the case number assigned to this case on it, which is on the first page of this order. The amended

petition must also be complete in and of itself without seeking to incorporate prior petitions.

For these reasons, the court:

(1) ORDERS Robert A. C. Murphy to file an amended petition consistent with this Order by **October 19, 2026**; and

(2) CAUTIONS Robert A. C. Murphy that, if he does not respond by that deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Date: September 17, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT